United States District Court
Southern District of Texas
**ENTERED**
April 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSE RESENDIZ ESTRADA,              §
                                    §
        Petitioner,                 §
                                    §   CIVIL ACTION NO. 4:26-cv-02953
v.                                  §
                                    §
WARDEN, Montgomery Processing       §
Center, *et al.*,                   §
                                    §
        Respondents.                §

## ORDER TO ANSWER

The petitioner, Jose Resendiz Estrada, is currently detained in the custody of officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center. Represented by counsel, the petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued confinement. (Dkt. No. 1).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241, *et seq.*, the Court **ORDERS** as follows:

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1.      The Clerk must deliver copies of the petition (Dkt. No. 1) and this Order to the Acting United States Attorney for the Southern District of Texas, John G.E. Marck, by electronic mail to USATXS.CivilNotice@usdoj.gov.

2.      The proper respondent must file an answer or other appropriate responsive pleading within **fourteen (14) days** of the date of service and must forward a copy to petitioner's counsel. Any dispositive motion that presents matters outside the pleadings may be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(d).

3.      In addition to any defense (in law or fact) to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

4.      Whether the respondent elects to submit an answer or a dispositive motion, the petitioner must file any response within **ten (10) days** of the date reflected on the certificate of service.  Under the court's local rules, the petitioner's failure to respond will be considered a representation that the petitioner does not oppose the motion.  *See* S.D. Tex. L. R. 7.4.  If the petitioner fails to respond on time, the Court may dismiss this case for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

5.      **Within three (3) days of the date of this Order, counsel for the petitioner must provide the petitioner's A-Number to assist the Court in locating the petitioner on ICE's Online Detainee Locator System**.[1]

---

[1] *See Online Detainee Locator System*, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/#/search (last visited Apr. 17, 2026).

2

6.      The respondents must notify the petitioner's counsel and the Court of any anticipated or planned transfer of the petitioner outside of the Houston Division of the Southern District of Texas **at least five (5) days** before any such transfer.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on April 17, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge